■ In the Matter of GEORGE A. BECK, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Respondent was admitted to the Bar by this court on October 6, 1955. In this proceeding to discipline him for professional misconduct, the petitioner moves to confirm the report of the Referee to whom the issues were referred. The reporting Referee sustained the following charges of professional misconduct against respondent: (1) converting to his own use for a period of 37 days $734.68 representing his client's share of the settlement proceeds of a personal injury action; (2) converting to his own use for a period of 30 days $486.13 of funds belonging to his client; (3) issuing a check to a client in the amount of $762.50 which was returned for insufficient funds on three occasions before being made good; (4) conviction in Federal court in 1976 after a guilty plea of failure to file an income tax return for calendar year 1970; (5) temporary conversion of $566 delivered to him by the seller and the buyer of real property for the purchase of a title insurance policy; (6) issuing 85 checks between December 26, 1973 and December 26, 1975, and 10 checks between February 11, 1976 and March 25, 1976, which were returned for insufficient funds; (7) failing to co-operate with the Committee on Grievances of the New York State Bar Association in its investigation of an inquiry; and (8) giving inconsistent statements under oath as to his reasons for his failure to reply to letters from the State Bar Association and falsely testifying that he had no notice that a check which he issued had been dishonored. In his affidavit in opposition to the motion to confirm, the respondent first raises three objections of a preliminary nature: (1) the Referee should have granted his request made at the initial hearing on May 11, 1977 for an adjournment to consult with and be represented by counsel; (2) the investigation of him by the New York State Bar Association was not authorized by order of this court; and (3) the charges which resulted from materials originally gathered by the Temporary Commission on Judicial Conduct should not be considered in this proceeding since the temporary commission had no authority to inquire into matters relating to respondent's practice of law, as distinguished from those relating to the discharge of his official duties as Special City Judge of the City of Kingston, or to turn the confidential results of its unauthorized inquiry over to this court. In addition, respondent moves to dismiss this proceeding for want of timely prosecution by petitioner and for laches. We find no merit to respondent's objections or to his motion to dismiss the proceeding. From our examination of the record, we have concluded that the

Referee did not abuse his discretion when he denied respondent's request on May 11 for an adjournment to consult with counsel. Respondent had more than sufficient time to consult with and retain counsel to represent him in this proceeding during the period after service of his answer on March 9, 1977 and before he received notice from the Referee on May 4 that the first hearing would be held on May 11, 1977. Respondent is mistaken in his contention that the New York State Bar Association was not authorized by order of this court to conduct an investigation of his conduct. By order entered October 29, 1969, as amended by order entered August 14, 1974, this court authorized and appointed the State Bar Association to conduct preliminary investigations of, and to prosecute charges of professional misconduct against, attorneys in the Third Judicial Department in accordance with section 90 of the Judiciary Law and the Third Department Grievance Plan. Respondent's third contention must also fail. In May of 1976 the Temporary State Commission on Judicial Conduct requested respondent, who was then Special City Judge of the City of Kingston, to appear before it. At that time subdivision 2 of section 43 of the Judiciary Law provided that the commission may, on its own motion, initiate an investigation of a Judge with respect to his qualifications, conduct, fitness to perform or the performance of his official duties. Respondent appeared before the commission on June 14, 1976 and testified at length. He subsequently furnished additional information to the commission's investigators at their request. On October 11, 1976 respondent resigned his part-time judgeship. On December 6, 1976, pursuant to the provisions of subdivision 9 of section 43 of the Judiciary Law, the commission referred certain information developed during its investigation of respondent to this court for possible disciplinary action. Respondent contends that the charges which resulted from materials originally gathered by the commission should not be considered by the court in this proceeding since the commission had no authority to inquire into matters relating to respondent's practice of law or to turn the results of its unauthorized inquiry over to this court. It is undisputed that the commission's investigation concerned respondent's conduct as an attorney in the City of Kingston. Without deciding whether the commission was acting within its statutory authority when it conducted its investigation of respondent's conduct as an attorney at a time when he was also serving as Acting City Judge, we find that it was not improper for the commission to refer information developed during its investigation to this court pursuant to section 43 of the Judiciary Law after respondent resigned his judgeship. Turning to the charges sustained by the Referee, respondent challenges only the finding that he converted moneys delivered to him for the purchase of a title insurance policy. After reviewing the evidence, we conclude that the record supports this finding and, therefore, the motion to confirm the Referee's report is granted in all respects. Respondent's motion to dismiss the proceeding for want of timely prosecution and for laches is denied. In determining the measure of discipline to be imposed upon respondent for his misconduct, we have given due consideration to the seriousness of each of the charges as well as the mitigating factors present in the record. We have also taken respondent's prior misconduct into account (Matter of Beck, 49 AD2d 785). Under all the circumstances, we conclude that respondent should be suspended for a period of one year and thereafter until further order of the court. Respondent suspended for a period of one year, the date of commencement to be fixed in the order to be entered hereon. Mahoney, P. J., Sweeney, Staley, Jr., and Main, JJ., concur.