■ In the Matter of SUSAN KEISER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [694 NYS2d 189] —Per Curiam. Respondent was admitted to practice by this Court in 1978 and maintains a law office in Sullivan County.

In June 1998, petitioner charged respondent with professional misconduct alleging violations of the Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) and DR 2-106 (A) (22 NYCRR 1200.11 [a]). The alleged misconduct stems from an allegation that respondent charged an excessive fee to a client in a divorce action. Petitioner moves to confirm, and respondent cross-moves to disaffirm, a Referee's report sustaining the charge.

Upon our review of the record, we find that the report should be confirmed. Respondent was retained by the client on September 10, 1993 and received a $2,700 retainer at that time. The subject divorce raised no compelling legal issues. The parties' marriage was of short duration (less than three years) and produced no children; accordingly, there were no

custody, visitation or child support issues. Moreover, neither spouse was claiming spousal maintenance. While the husband had significant assets, they were clearly separate property to which respondent's client had no meritorious claim. There was virtually no marital property to be distributed.

On March 8, 1994, respondent demanded an additional $5,280 in fees to cover trial expenses, which precipitated respondent's April 5, 1994 discharge. By that time, the client had paid nearly $12,000 to respondent for her services. Respondent then sued the client for unpaid legal fees in the amount of $10,541.56, plus interest; the total fee was in excess of $22,400. Within one month of respondent's discharge, the client's new attorney expeditiously negotiated a property settlement in the divorce action which was later incorporated into the parties' judgment of divorce. Although not charged for the new attorney's legal work in the divorce action, the client expended $4,980 in fees defending respondent's action to recover fees, which was eventually discontinued on the merits, with prejudice.

At the hearing before the Referee, petitioner's experts testified that respondent's $22,000 fee in this "fairly simple" matrimonial action was clearly excessive. We reject respondent's contention that the Referee denied her an opportunity to call an expert witness on this issue. The Referee adjourned the hearing specifically for the purpose of allowing respondent to produce her own expert witness who would testify about the reasonableness of her fees. When respondent failed to produce this witness on the adjourned hearing date, the Referee considered the testimony closed. We are unable to conclude that this constituted an abuse of the Referee's discretion (see, Matter of Beck v Committee on Professional Stds., 61 AD2d 1117, 1117-1118).

With respect to an appropriate disciplinary sanction, we find that respondent should be censured, directed to return all fees paid in excess of $7,500 and further directed to reimburse the client $4,980 for those fees incurred in defending respondent's lawsuit.

Mercure, J. P., Yesawich Jr., Spain, Carpinello and Graffeo, JJ., concur. Ordered that petitioner's motion to confirm the Referee's report is granted and respondent's cross-motion to disaffirm is denied and respondent is found guilty of the charge of professional misconduct as set forth in the petition; and it is further ordered that respondent is censured; and it is further ordered that respondent is directed to return all fees paid in excess of $7,500 and she is further directed to reimburse the

client $4,980 for those fees incurred in defending respondent's lawsuit.